All right, our sixth case for this morning is United States against Mitchell. Mr. Gansner. Good morning, your honors. May it please the court, my name is Anderson Gansner and I represent the appellant in this case, Corey Mitchell. We're here today because of two cases that redefined the Armed Career Criminal Act and this appeal raises the question of how those decisions affect similar language in the same statute, just two subsections of it, in section 924C of Title 18. Our primary argument is that in light of the 2010 Johnson decision, a violation of 2113 through intimidation, I want to be very clear, through intimidation, does not qualify as a crime of violence under 924C's force clause. Now, before you get too much into this, I would like you to discuss whether Mr. Mitchell has waived his appellate rights in this respect. Your honor, our position on waiver is that given the specific way that district courts in our federal system have criminal jurisdiction, it stems from the offense itself. It stems from 3231, which says a district court has jurisdiction over all offenses against the United States. So I'm going to say, if you're, I thought this is what you were saying in your brief, if your argument is that this question is jurisdictional, you are really swimming upstream because it really simply requires us to construe the statute to decide what behavior is in it, what behavior is outside it, and that's not a jurisdictional act. The court has the authority to do that. The court can read the statute and come to the kind of decision it needs to. Your honor, I disagree that the court is construing behavior. What the court is doing is it's looking at the underlying predicate offense and determining whether it can even create a 924C offense. No, look, let me state this in a different way. 18 U.S.C. 3231, which you've already mentioned, gives district courts subject matter jurisdiction in all federal criminal prosecutions. That's the only thing that's needed for jurisdiction. If the evidence doesn't prove a crime, the judge enters a decision of a judgment of acquittal. He doesn't dismiss the case for lack of jurisdiction. After the Supreme Court decided Johnson, it didn't remand with instructions to dismiss for lack of jurisdiction. It decided the case on the merits. So how could there possibly be a jurisdictional problem here? Johnson, your honor, dealt with a sentencing statute and so remanded for resentencing in that case. Yes. And here we're talking about 924C. But do you think that if the prosecution doesn't prove its claims, the case should be dismissed for want of jurisdiction rather than an acquittal entered on the merits? Your honor, I believe that when the underlying offense that is necessary for the predicate to even create a 924C offense in the first place. So if you look at 924C, I wish you'd question, should it be dismissed? What happens when the government fails to prove the case? Is it dismissed for want of jurisdiction or does the defendant get an acquittal? If the government cannot prove factually its case, then yes, it is an acquittal. I agree with that. Right. So the district court has jurisdiction because entering an acquittal depends on jurisdiction. Your honor, here we're talking about the charging decision. But you're saying that if the district court looks at the indictment and decides this indictment actually fails to state a criminal offense, and so the judge enters a judgment dismissing the prosecution altogether, you're saying that that is something that the judge is doing as a jurisdictional matter instead of as an acquittal. Yes, your honor. And I don't see, there's not a single case I can think of. There were like hordes of within the residual clause. If so, then it was no good and you couldn't go forward with it. If not, then sometimes there were other offenses, criminal offenses such as drug offenses. And what the defendant is entitled to at that point is an acquittal, which protects the defendant from a future prosecution on double jeopardy grounds. It's a better outcome for the defendant than a jurisdictional dismissal for sure. Your honor, I think all of these Johnson remands, they all dealt with sentencing. They all dealt with whether a prior offense qualified somebody for additional punishment. And that's what makes the 924C situation unique, because we're talking about a separate offense. Well, that's why I mentioned Bailey, because back in the day, 1995, before section 924 was amended, the Supreme Court decided that merely possessing a firearm to make you feel good that somebody wasn't going to attack you wasn't the same thing as using the firearm. It was, then there were a bunch of carry cases, but let's focus on using. So they did exactly what we're talking about here. They read the statute. They said, this set of facts just doesn't describe an offense under this statute. There was no factual dispute going on. It was about the scope of the statute. And I think that's what you're arguing about, the scope of the statute. Your argument is, I think it's not dissimilar, but I think it's a little bit different in that you're looking at when you make the initial charging decision with a 924C, you have to have an appropriate predicate offense that is either a crime of violence one way or the other. It would be similar as if, I was thinking about this, the 924C statute requires that it be a felony. It would be similar as if the government indicted a 924C attached to a misdemeanor offense. We would go in there and we'd say, Your Honor, you have no power to hear this case because they have not charged it appropriately. It is not an offense. Why instead of saying no power to hear this case, you say, Your Honor, we win. You know, my client is entitled to a judgment of acquittal because the government's trying to put him in prison for something that's not even an offense under the criminal law. I think that's an argument you could make, Your Honor. A better argument for your client. Unfortunately, we are where we are procedurally, Your Honor. Yeah, no, I understand that. But the problem is, if this is not jurisdictional, and I'm very skeptical about that, then there's the waiver of appellate rights. And your client presumably, one hopes, got some advantage for that waiver. I don't know. Understand your points, Your Honor. Again, our point is simply that because the 924C to be an offense of the law requires the power of defense. Do you have any case from the Supreme Court, or for that matter, a court of appeals, holding that if a charge fails to state an offense, the case must be dismissed for lack of jurisdiction? We've not provided any, no, Your Honor. And that's not what happens on the civil side, of course. 12B6 dismissals happen all the time. Failure to state a claim. That's a bell against hood. Yeah, right. And unless it's a bell against hood situation, it's just such a lunatic claim that it doesn't even engage the court's jurisdiction. And the court has left that window open in the criminal side, too, by the way. They've said there are some rare circumstances where it might be so off base that it doesn't engage the jurisdiction of the court. But that's Your Honor, turning to kind of the meat of our argument, I just want to get it out there. Okay. By the way, what do you think the effect of Lynch against Amaya is on your argument? I was going to note that, Your Honor. So if this decision turns on the residual clause, then I think it's obviously appropriate for this court to wait and see how that cert grant turns out. If the court rules on a waiver basis, obviously that's not an issue. If the But if the court, if the decision is dependent on the residual clause, then I think it's very much appropriate because I think this court's decision in viva seja really speaks directly to the same problems with the residual clause and I don't foresee. I'm not sure you're answering my question. I asked about Lynch against Amaya. I'm sorry. Oh, excuse me, Your Honor. Supreme Court on the 29th of September granted cert. Right. That's what I'm speaking about, Your Honor. So that is the same, that's the 16B decision out of the Ninth Circuit where they granted cert and our position is that it's exactly the same decision as viva seja, which informs our position on the residual clause. So if this court's decision turns on the residual clause, then we think it would be appropriate for this court to kind of take this decision, table it for a while and see what happens at the Supreme Court. See what happens in Amaya. With regard to the force clause, our argument simply is, is that the way this court has done to require a threat of violent physical force, which given the first Johnson decision, the force clause under 924C now requires. I think, and that makes sense. I think if you look at the statute, the force and violence language, that's, those are certainly types of offenses that it's the way you could rob a bank through force and violence that would fit the force clause. But the intimidation statute really seems like something that was a better fit under the residual clause where you have people, you know, robbing banks with notes, not making any threatening gestures, not, not saying this is robbery, just saying fill up my bag and no die packs. And then, you know, if they're rebuffed, just kind of walking off. Those are the kinds of offenses that were certainly meant to be bank robberies and it's certainly appropriate to challenge them, but they are not crimes of violence via the force clause. They're really something that falls better under the residual clause. Okay. Thank you. Ms. Monfils. Good morning, your honors. May it please the court. My name is Elizabeth Monfils. I'm an assistant United States attorney and I'm appearing for the United States of America. I think we'll get right to the heart of it is the issue of waiver in that the appellant here has waived his right to appellate review in this case of the district court's decision, denying his motion to dismiss because he entered an unconditional guilty plea. And that his issue that he presents does not affect the court's subject matter jurisdiction. So the issue presented, whether armed bank robbery qualifies as a crime of violence simply just does not concern the court's power to adjudicate or hear the case. Now, to the extent the appellant is focusing on the word intimidation, which is the focus of this elements clause analysis, that's an issue of statutory interpretation. I mean, he spent a lot of time in his brief parsing of the word intimidation. Courts are called upon all of the time to decide issues of statutory interpretation and that simply is not something of subject matter jurisdiction. Now, I think where he's trying to argue that it is an issue of jurisdiction is where his statute is unconstitutional. And to the extent that he's arguing that the statute, or at least the residual clause of 924C is unconstitutional, we would simply disagree that a challenge to the constitutionality of a statute, as indicated in Johnson, simply does not extinguish the court's jurisdiction under 18 United States Code section 3231. And I think what's most telling in this case, Your Honor, first is it's undisputed that issues of subject matter jurisdiction can never be waived, they can never be forfeited. Now I cited two cases in my brief under the Fourth Circuit and the Sixth Circuit where courts of appeals have reviewed this very issue before the court today for plain error. And that simply suggests that this is in fact a non-jurisdictional issue that can be waived. I wouldn't say routinely do conditional pleas in our district, but it's not unheard of. Mr. Mitchell in this case did not approach and ask for a conditional plea, so therefore by waiving all of his pretrial issues, he has waived this issue on appeal, Your Honors. Moving on to the merits of the case, I think it's important to not forget that this is a 2113 subsection D case where Mr. Mitchell pled guilty to an armed bank robbery. He didn't ask for a conditional waiver, and to hold that armed bank robbery does not serve as a predicate offense under Section 924C is simply contrary to logic, common sense, precedent. Subsection D provides that whoever in committing bank robbery assaults another person or puts another person's life in jeopardy by use of a dangerous weapon, and that's defined as knowingly doing an act which exposes another person to a risk of death. As I read Mr. Mitchell's brief, he admits to putting another person's life in jeopardy. There's no doubt that assaulting another person and putting another person's life at risk of death involves the use, attempted use, or threatened use of physical force against that person. Now, I realize the standard is a little bit different, but this court has recently come out with orders that are denying applicants' requests in Section 2255 petitions wherein they're stating that convictions should be overturned based on Johnson. This court has held that the classification of federal bank robbery as a crime of violence has been unaffected by Johnson because bank robbery qualifies as a crime of violence under the elements clause. Other circuits that have looked at this issue, namely the 4th, 6th, 9th, 11th Circuit. I do realize some of these cases aren't published, but it still provides for persuasive authority in this case that bank robbery, not even, and more so my point is that this is an armed bank robbery case, but lots of courts are holding that bank robbery still remains a crime of violence even after Johnson has been decided. Now, if there were no waiver issue, would this be a suitable case to hold for DiMaia? If it's not a waiver issue, Your Honors, I think it's appropriate to focus on the elements or the force clause in this case. You might discuss whether there's a difference for this purpose between the appellate waiver and the guilty plea itself as a waiver under United States v. Brochie. I don't know if I'm understanding your question. A guilty plea waives all non-jurisdictional defects to the prosecution. You don't need an appellate waiver. The guilty plea is itself a waiver, so you might want in answering the question to distinguish between the effect of the appellate waiver and the effect of the guilty plea as a waiver in considering the relation between this case and Lynch v. DiMaia. That was my observation. Well, there's a reason why we put waivers in guilty pleas. They're appellate waivers is what you're talking about because as soon as the person pleads guilty, unless there's a reservation, say, subject to something that says, well, we're still going to appeal our suppression motion or something, but normally the guilty plea wipes out all of the other arguments that one might have made had the case gone to trial. That's the Brochie, however you want to pronounce it, holding. Correct, Your Honor. So I think the case can be easily decided on waiver in this case because there was an appellate waiver of his pretrial motions in this case. I think if the waiver were not found, in many instances, those guilty pleas that include waivers of appellate rights would ring hollow. I mean, there's a reason why those are in pleas in the first place. Now, if this Court weren't to find waiver, I think we can move on to the elements clause of Section 924C. I just think you're not distinguishing between the appellate waiver and the effect of the guilty plea. The United States against Brochie holds that a guilty plea itself waives all non-jurisdictional defects. And actually, Brady against United States holds that the unconstitutionality of the federal statute is not a jurisdictional defect. So there's a problem with Mitchell's argument. It's not simply the lack of authority, it's that the Supreme Court has already rejected it. So I'm puzzled by why you're not relying on Brochie and Brady. So in other words, even if there were an appeal, and somehow you got past the appellate waiver, what would we be looking at? We'd be looking at a guilty plea, and that guilty plea waives non-jurisdictional defects. I think that's what Judge Easterbrook was trying to spell out. I think that's exactly right, Your Honor. To the extent that I didn't cite those cases in my brief, I do apologize. I think that the focus was on why this is non-jurisdictional versus a jurisdictional argument. So in terms of- Which is what your opponent was arguing, so you were certainly within your rights to address that. Yes. And with respect to DiMaia, I don't think that the grant of cert in that case has any effect in this case, because there's a waiver, first of all. And second of all, looking strictly at the elements clause in this case, it's clear that armed bank robbery constitutes a crime of violence for purposes of 924C. If there are no further questions, Your Honor, I'll rest on my brief then. Thank you. Thank you. Apparently not. Mr. Gansner, you have a small amount of time, about a minute or so. I'm just going to ask if there are no further questions, we would also rest on our briefs. I see none, so thank you very much. Thanks to both counsel. We will take the case under advisement.